UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARIA DEL R.T. PADILLA,

        Plaintiff,

  v.

U.S. COPYRIGHT OFFICE LIBRARY OF CONGRESS,

        Defendant.

NO. CIV. S-02-1708 FCD GGH (PS)

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on plaintiff Maria Del R.T. Padilla's ("Padilla") motion for reconsideration of the court's November 13, 2002 order dismissing plaintiff's claim for failure to file an amended complaint in accordance with the court's August 13, 2002 order.  For the reasons set forth below, plaintiffs' motion is DENIED.

    Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion

1 | for relief from judgment) of the Federal Rules of Civil
2 | Procedure.  See Sch. Dist. No. 1J, Multnomah County v. ACandS,
3 | Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Because plaintiff's
4 | motion was filed more than ten days after dismissal of
5 | plaintiff's claims, the court will consider the instant motion
6 | under Rule 60(b).  See Fed. R. Civ. P. 59(e) (requiring that all
7 | motions submitted pursuant to this rule be filed within ten days
8 | of entry of judgment).  Rule 60(b) provides in relevant part
9 | that:

> On motion and upon such terms as are just, the court may relieve a party ... from a final ... order ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered ... or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. Proc. 60(b).

Plaintiff brings this motion for reconsideration pursuant to Rule 60(b)(6) which provides for reconsideration for "any other reason justifying relief from the operation of judgment."  Fed. R. Civ. Proc. 60(b).  A motion filed pursuant to Rule 60(b)(6) must be brought "within a reasonable time."  Id.; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989).  "What constitutes a reasonable time depends on facts of each case," including consideration of whether the non-moving party will be prejudiced by the delay and whether the moving party had a good reason for not acting sooner.  Id.  In this case, plaintiff has failed to proffer any reason for her failure to bring this motion until over three years after the dismissal of her claims.  Therefore, the motion is dismissed as untimely.

/////

2

1     Further, even if the motion were timely, plaintiff has
2 failed to present a reason justifying reconsideration of the
3 court's dismissal.  Relief pursuant to Rule 60(b)(6) requires a
4 showing of "extraordinary circumstances."  <u>Allmerica Financial</u>
5 <u>Life Ins. & Annuity Co. v. Llewellyn</u>, 139 F.3d 664, 666 (9th Cir.
6 1997).  Plaintiff's motion for reconsideration proffers no reason
7 for reconsideration of this court's order.  Further, it remains
8 unclear to the court how plaintiff's claimed injury arising from
9 denials of extension of credit relates to named defendant United
10 State Copyright Office Library of Congress.
11     Therefore, based on the foregoing analysis, plaintiff's
12 motion for reconsideration of the court's November 13, 2002 order
13 dismissing all claims is DENIED.
14
15     IT IS SO ORDERED.
16 DATED: February 1, 2006

                                          /s/ Frank C. Damrell Jr.
                                          FRANK C. DAMRELL, Jr.
                                          UNITED STATES DISTRICT JUDGE